## WESLEY ROUNDTREE *v*. STATE.

[65 South. 125.]

CRIMINAL LAW. *New trial. Newly discovered evidence. Confession of another.*

Where a defendant convicted of crime made a motion for a new trial, on the ground of newly discovered evidence, and supported his motion by affidavits that another person had confessed that he committed the crime for which the defendant had been convicted and had pleaded guilty to the same, the motion should be sustained.

APPEAL from the circuit court of Lincoln county. HON. D. M. MILLER, Judge.

Wesley Roundtree was convicted of obtaining goods under false pretense and made a motion for a new trial on the ground of newly discovered evidence. From an order overruling the motion he appeals.

Appellant was convicted of obtaining goods under false pretenses. After conviction he made a motion for a new trial, one ground of which is as follows: "The defendant says, further, that he should have a new trial, because since the trial in which he was convicted he has discovered new and material testimony, and such as would very likely change the result of the case, to wit: That another person, Jim Lyons, a few days ago admitted and confessed that he committed the identical crime of which defendant was convicted, and that he pleaded guilty to same before a justice of the peace, Hon. Luther Smith, of district No. 5 of Lincoln county." Appellant made affidavit in support of his motion to the effect that he had learned the facts set out in this motion after conviction, and his attorney made a similar affidavit. An affidavit was also made and filed by a man named Case, setting up that "since the date of the conviction of Wesley Roundtree, Jim Lyons confessed and admitted to him (affiant) that he (Lyons) committed the crime of which Roundtree was convicted, and that in a new trial he would testify that such acknowledgment was made to him." The court overruled the motion for a new trial, and an appeal was taken.

*Jas. F. Noble,* for appellant.

The most important thing to be considered is the confession of Jim Lyons and his plea of guilty. The motion for new trial properly supported by affidavits, and upon which testimony was introduced, sets up this ground. Lyons confessed to the commission of the identical crime of which Roundtree was convicted. Lyons testified that he plead guilty because he understood Saxon would prosecute him and because he thought it best

for him to do so in order to get out of it. The state used Jim Lyons as its witness, and his testimony was straightforward and bears the mark of truth. And every particle of evidence introduced on the motion for new trial strengthens the defendant's contention.

The newly discovered evidence in support of the motion for new trial is material and vital. It is more than cumulative, and does more than impeach a witness. It goes to the very heart of the case, and is of such a nature as in all probability will bring about another and different verdict. I refer the court to the following cases: *Bates* v. *State,* 32 So. 915; *Weathersby* v. *State,* 95 Miss. 300; *McCleary* v. *State,* 52 So. 796; *Bucker* v. *State,* 81 Miss. 140; *White* v. *State,* 45 So. 611; *Watson* v. *State,* 96 Miss. 369; *Barretine* v. *State,* 51 So. 275. I submit that these cases sustain my contention.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

There is nothing in this record, looking at it from a legal view, that would entitle the appellant to a new trial. It appears abundantly from the record that there had been abundant opportunity for the defendant to learn all the facts. The jury found a verdict that was amply supported by the testimony and should not be now disturbed.

SMITH, C. J., delivered the opinion of the court.

The motion for a new trial should have been sustained, so that appellant might obtain the benefit of the newly discovered testimony, which, if true, will entitle him to an acquittal.

*Reversed and remanded.*